[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16241
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 15, 2009
THOMAS K. KAHN
CLERK

Agency No. A071-534-087

EFRAIN TAX LOPEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 15, 2009)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Efrain Tax Lopez, a native and citizen of Guatemala, petitions for review of

the BIA's judgment affirming the IJ's denial of his application for asylum and withholding of removal under the Immigration and Nationality Act, 8 U.S.C. §§ 1158 and 1231, and relief under the Convention Against Torture (CAT), 8 C.F.R. § 208.16(c).

Tax illegally entered the United States in the late 1980s. After applying for asylum in 1991, Tax returned to Guatemala at least twice, in 1991 and 1996. Accordingly, after a hearing in August 2007, the IJ denied Tax's application for asylum and withholding of removal. See 8 C.F.R. § 1208.8(a) ("An applicant who leaves the United States without first obtaining advance parole . . . shall be presumed to have abandoned his or her application [for asylum, withholding of removal, or CAT relief] under this section."). Tax appealed the IJ's judgment to the BIA. The BIA adopted and affirmed the IJ's decision and noted specifically its "agreement with the Immigration Judge's conclusion that respondent abandoned his asylum application when he departed the United States without first obtaining advance parole." Tax now petitions for review of the BIA's decision.

It is clear that the IJ and BIA denied Tax's application because he failed to overcome the presumption that traveling abroad without obtaining advance parole abandons a petition for asylum and withholding of removal. See 8 C.F.R. §§ 1208.8; 1208.1(a). Yet, in his brief to this Court, Tax fails to address that issue or even to mention it. Instead, his brief focuses exclusively on Tax's allegations of

2

persecution in Guatemala.

An appellant's brief must set forth his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). Because Tax has failed to make any argument that his travel abroad did not abandon his asylum application, his brief is insufficient to raise that claim and the issue is abandoned. See, e.g., Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

In sum, Tax has made no argument that the BIA and IJ erred in deeming his application abandoned. Therefore we dismiss Tax's petition for review.

**PETITION DISMISSED.**